Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3768 | **DATE** | 10/27/2003 |
| **CASE TITLE** | Equal Employment Opportunity vs. Custom Companies Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Kennedy's motion to intervene is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required | | | |
| | Notices mailed by judge's staff. | | OCT 28 2003 date docketed | 64 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 2 8 2003

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>and<br><br>ALLISON KENNEDY,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>CUSTOM COMPANIES, INC.,<br><br>    Defendant. | Case No. 02 C 3768<br><br>Consolidated for all Purposes with<br>Case No. 03 C 2293<br><br>Hon. Harry D. Leinenweber |

FILED
OCT 2 7 2003
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff-Intervenor Allison Kennedy's ("Kennedy") motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(1) ("Rule 24(a)(1)"). For the following reasons, the motion is denied.

### I. BACKGROUND

Corrine Miller ("Miller") was employed by Custom Companies, Inc. ("Custom") from 1995 until she was discharged on December 27, 1999. On June 26, 2000, Miller timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), alleging that throughout her employment, she and other female employees at Custom were subjected to a sexually hostile work environment. She further reported that in early and mid-1999, she had testified in support of a complainant in an internal sexual

harassment investigation and that soon afterwards she was discharged without cause. Miller also alleged that Custom offered a male employee who was discharged for cause a much more generous severance package than it offered her. In her charge, Miller asserted claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. The EEOC investigated Miller's charge of discrimination and issued a determination on August 27, 2002 that the evidence gathered in the investigation established reasonable cause to believe that Custom had retaliated against a class of female employees. The EEOC informed Custom that it believed that the women were subjected to different terms and conditions of employment after complaining of or objecting to sexual harassment, or after participating in the investigation of sexual harassment. It then invited Custom to engage in conciliation efforts. After the conciliation proved unsuccessful, on April 2, 2003, the EEOC filed a civil action against Custom under Title VII and under Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a "to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to a class of female employees who were adversely affected by such practices." Custom has filed an answer to the EEOC complaint but no discovery has been taken.

Kennedy was employed by Custom as a sales representative between August 17 and October 20, 1998. In the Complaint that Kennedy filed

as Exhibit A to her Motion to Intervene[1], she alleges that during these two months she was subjected to a sexually hostile environment. The incidents Kennedy allegedly endured included being subjected to sexually demeaning remarks and jokes, being grabbed and touched by Mike Maher ("Maher"), Custom's Vice-President of Sales, and being told by Maher that she should entertain customers at a strip club, that she should engage in various sexual activities with customers, and that she should let customers grab her under the table in order to obtain more business. Kennedy further claims that after she protested this behavior and complained to Customs about the hostile environment, Customs discharged her. Kennedy has not filed a charge of discrimination with the EEOC, and now seeks leave to intervene in this action.

## II. DISCUSSION

The EEOC has no objection to Kennedy's motion, however, Custom argues that Kennedy cannot meet the requirements for intervention set forth in Rule 24(a)(1). Under Rule 24(a)(1), "[u]pon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene." FED. R. CIV. P. 24(a)(1). Custom does not contest that Kennedy's motion is timely but instead focuses its argument on

---

[1] The Court notes that Kennedy requested leave to file a first amended complaint, which she purportedly attached as Exhibit B to her Response to Defendant's Objection to Plaintiff-Intervenor's Motion to Intervene. It appears that Kennedy failed to attach or to file the amended complaint and, therefore, the Court will only consider the original complaint in assessing the merits of this motion.

whether Kennedy has an unconditional right to intervene under a federal statute.

Section 2000e-5(f)(1) of Title VII states that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." 42 U.S.C. § 2000e-5(f)(1). Courts have held that this section satisfies the second requirement of Rule 24(a)(1) and permits intervention as of right in civil actions commenced by the EEOC. *EEOC v. United Air Lines, Inc.*, 515 F.2d 946, 949 (7th Cir. 1975); *EEOC v. Taylor Elec. Co.*, 155 F.R.D. 180, 182 (N.D. Ill. 1994). Custom argues, however, that intervention as of right is not permitted in *this* instance because Kennedy did not file the EEOC charge of discrimination that forms the basis of the action and is therefore not an aggrieved person. Accordingly, it contends, she cannot base a right to intervene in § 2000e-5(f)(1).

Custom cites to no specific support for its assertion that only parties actually named in an EEOC complaint or in a charge of discrimination are considered aggrieved persons under § 2000e-5(f)(1). Both Miller's charge of discrimination and the EEOC complaint name a putative class of female employees who were subjected to a sexually hostile work environment and retaliation. The members of this class should be considered aggrieved parties and should enjoy a right to intervene in the civil action brought by the EEOC.

Custom further argues, however, that Kennedy's claims are time-barred and that she therefore cannot be part of this putative class

of women. Accordingly, Custom contends, she cannot be considered aggrieved and cannot satisfy the second element of Rule 24(a)(1).

In class action claims, the period for the individual class representative controls the time period for the entire class. *Movement for Opportunity & Equality v. Gen. Motors Corp.*, 622 F.2d 1235, 1240 (7th Cir. 1980). In Illinois, a plaintiff must file charges with the EEOC within three hundred days of the alleged discriminatory employment practice. 42 U.S.C. § 2000e-5(e)(1); *Koelsch v. Beltone Elecs. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995). Miller filed her charge of discrimination with the EEOC on June 26, 2000 and thus, any individual claims that predate August 31, 1999 (not April 5, 1999 as Custom erroneously calculates), are time-barred. Kennedy endured the allegedly hostile environment between August 17 and October 20, 1998. She was terminated in October or November 1998. As a result, all of her claims that predate August 31, 1999 are time-barred. While class members are not required to have filed a charge with the EEOC, "only those who could have filed a charge at or after the time a charge was filed by the class representative can be included in the class." *Movement for Opportunity & Equality*, 622 F.2d at 1248. Accordingly, Kennedy must be excluded from the putative class in this action and is therefore not an aggrieved party in this case. As a result, she cannot satisfy Rule 24(a)(1) and may not intervene as of right in this action.

Kennedy contends, however, that the fact that her claims are time-barred is irrelevant because she can rely on the "single-filing" or "piggybacking" doctrine to intervene in the EEOC's action. The piggybacking doctrine permits a party to intervene in an action even if she has not satisfied Title VII's jurisdictional requirements, including the filing of a timely charge. *Horton v. Jackson County Bd. of County Comm'rs.*, 343 F.3d 897, 899 (7th Cir. 2003); *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498-99 (5th Cir. 1968). Kennedy asserts that under this doctrine, a party may intervene if her claim arises out of the same or similar discriminatory conduct, committed in the same period, as the claim in the suit in which she seeks to intervene. Yet while the Seventh Circuit did state in *Horton* that this is the usual formulation for the piggybacking exception, it adopted a narrower formulation. *Horton*, 343 F.3d at 899-901. The Seventh Circuit explained that the reason for requiring exhaustion of administrative remedies in Title VII cases is to place the employer on notice of an impending suit so that it may take steps to negotiate a resolution using the EEOC's conciliation services. *Id.* Especially in class actions, that notice requirement is satisfied when another employee brings a timely charge on the same claim as that brought by the would-be intervenor. *Id.* This is because once the charge is filed, the employer should expect charges from other class members asserting the same claim. *Id.* Under these circumstances, requiring all class members to file redundant charges would do nothing but burden both the EEOC and the employer. *Id.* at

900. Using this reasoning, the Seventh Circuit accepted the piggybacking doctrine but limited its availability to cases "in which the unexhausted claim arises from the *same* unlawful conduct" as the timely filed charge. *Id.* (emphasis in original). It is not enough that the claims arise from facts that "resemble each other or are causally linked to each other." *Id.* at 901.

Kennedy's claim, *viz.*, that she was terminated in retaliation for opposing unlawful employment practices and for protesting an allegedly hostile environment, arguably arises from the same unlawful conduct that gives rise to Miller's claims. However, at the time Miller filed her charge of discrimination, Kennedy was already time-barred from filing her own charge. Indeed, she was time-barred from filing her claim before Miller was even *discharged* from Custom. Several circuits have stated that the piggybacking doctrine cannot be used to resurrect stale claims. *See, e.g., Salinas v. Roadway Exp., Inc.*, 735 F.2d 1574, 1579 (5th Cir. 1984) (affirming denial of motion to intervene where movant was time-barred from pursuing his own Title VII action); *Burney v. North Am. Rockwell Corp.*, 302 F.Supp. 86, 92 (C.D. Cal. 1969)(explaining that even under the piggybacking doctrine, "the mere fact that a class action is brought does not obviate the requirement that each intervening member of the class be able to establish a jurisdictional basis for his claim"). The Seventh Circuit has suggested that individuals who have filed untimely charges of discrimination may piggyback onto "an action in which at least one individual has filed a timely charge that alleged

- 7 -

class-wide discrimination or that claimed to represent a class of employees." *EEOC v. North Gibson Sch. Corp.*, 266 F.3d 607, 620 n.9 (7th Cir. 2001)(citing *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1017 (7th Cir. 1988)). However, as stated previously, it has also held that while class members are not required to have filed a charge with the EEOC, "only those who could have filed a charge at or after the time a charge was filed by the class representative can be included in the class." *Movement for Opportunity & Equality*, 622 F.2d at 1248. The Court interprets the Seventh Circuit's rulings as permitting a party ("A") to piggyback onto another party's ("B") claim, even if A's claim was untimely filed, as long as A could have filed a timely claim when B filed her claim. For example, assume that A and B both had claims arising from unlawful conduct that occurred in January 2002 and that A timely filed her charge with the EEOC on May 1, 2002. If B untimely filed her charge on December 30, 2002, she could still piggyback onto A's claim and could intervene in A's action because her charge was timely on May 1, 2002. This is not the current scenario.

It is true that the Seventh Circuit in *Horton* dropped the requirement that the intervenor's claim arise out of discriminatory conduct that was committed in the same period as the claim in the suit in which she seeks to intervene. Given the Seventh Circuit's reasoning in adopting the piggybacking doctrine, however, it follows that the doctrine is available only to parties that have a cause of action that arose from the same unlawful conduct that occurred at

least within the statutory period. Miller's charge should have placed Custom on notice of an impending class action. It could not possibly have placed Custom on notice that it would also face claims that had long since expired. If the piggybacking doctrine is used, as Kennedy wishes, as a tool for reviving stale claims, it could open the door to parties with claims that are ten or twenty years old. That result runs counter to the notification purposes of the charge-filing requirement and to long-standing notions of finality and of prompt resolution of claims. Kennedy may not piggyback onto Miller's claim and may not intervene in this action.

## CONCLUSION

For the foregoing reasons, Kennedy's motion to intervene is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: October 27, 2003