# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3768 cons. w/03 C 2293 | **DATE** | 7/20/2004 |
| **CASE TITLE** | Equal Employment Opportunity vs. Catherine Copello, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: EEOC's Motion for a Protective Order is DENIED. The Motion to Compel Defendant Custom Companies to Produce a Witness Pursuant to Rule 30(b)(6) is DENIED AS MOOT.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 116 |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 2004 JUL 20 PM 12: 15 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUL 2 0 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE



DOCKETED
JUL 21 2004

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

Plaintiff,

and

**CATHERINE COPELLO and ALLISON KENNEDY,**

Plaintiffs-Intervenors,

v.

**CUSTOM COMPANIES, INC., CUSTOM EXECUTIVE GROUP, INC. and CUSTOM DISTRIBUTION NETWORK, INC.**

Defendants.

Case No. 02 C 3768

Consolidated for all Purposes with Case No. 03 C 2293

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is the EEOC's Motion for Entry of a Protective Order and Motion to Compel Defendant to Produce a Witness Pursuant to Rule 30(b)(6). Custom Companies has agreed to produce the Rule 30(b)(6) witness, and thus that Motion is denied as moot.

### I. BACKGROUND

The EEOC moves for a protective order barring Defendants from proceeding with state court litigation against a class member, who will be identified as "Doe" in this opinion. The EEOC raises two arguments in support of its motion. First, the EEOC claims that

the state court litigation is retaliatory and will cause irreparable harm to Doe and the EEOC. Second, the EEOC contends that the state court litigation violates the protective order in this case.

The overall facts are undisputed. Doe performed services for Custom from approximately October 2000 to November 2001. On November 20, 2003, counsel for Custom sent a letter to the EEOC requesting that Doe be dropped from the class because she purportedly had been an independent contractor and not an employee. The next day, on November 21, 2003, corporate counsel for Custom sent a letter to Doe demanding return of approximately $19,000, which Custom claimed was the excess amount that Doe had drawn as an advance against commissions, but had failed to repay when her work ended in November 2001. Custom apparently did not request these funds at any point during the two years following Doe's departure. In December 2003, the EEOC sent a letter to counsel for Custom warning that it considered the threats of litigation against Doe to be retaliatory and in violation of the protective order. In May 2004, Custom filed suit against Doe in Illinois state court, seeking return of the excess funds.

## II. **DISCUSSION**

The EEOC's request for a protective order here is effectively a demand for an injunction aimed at the state court proceedings. Basic concepts of federalism, coupled with the controlling case

law, instruct that only in the rarest of circumstances will a federal court interfere with the right of a state court to adjudicate state interests. A federal court *may* enjoin a lawsuit if it is retaliatory and baseless. See, e.g., *Bill Johnsons' Restaurant v. NLRB*, 461 U.S. 731 (1983). If the lawsuit has any reasonable basis in fact or law, a federal court cannot intrude in the state court proceedings. See *id.* at 748-749. In addition to demonstrating that the challenged litigation is baseless, the party seeking an injunction must also show "equitable entitlement to an injunction," including irreparable harm. *Ramsden v. Agribank, FCB*, 214 F.3d 865, 869 (7th Cir. 2000).

The EEOC argues that the state court action at issue here is retaliatory and groundless. The EEOC notes that Custom ignored Doe's purported obligation until after the EEOC filed suit. In addition, Custom filed suit only after it failed to convince the EEOC to drop Doe from the class. The EEOC also claims that Custom has never filed a similar suit against any of its previous sales representatives. Finally, the EEOC notes that although the state court action alleges a breach of contract, Custom fails to attach any contract to the complaint.

This, alone, cannot justify the injunctive relief requested here. There is no argument that Doe indeed drew an excess against her commissions. Doe may have valid affirmative defenses, such as waiver, laches, or estoppel, but nonetheless Custom's complaint -

on its face – is not so devoid of all merit to allow this Court to interfere with the state court proceedings.

This is not to say, however, that Doe or the EEOC are without potential recourse in the present lawsuit. Although the authority provided by the EEOC does not support the extreme act of enjoining state court litigation, it does establish that the EEOC may be able to use Custom's acts as evidence of impermissible retaliation. The nature and timing of Custom's actions appear to be, in charitable terms, somewhat curious. A jury may view these actions in even less charitable light. The Court, of course, expresses no opinion on the legal significance, if any, of Custom's acts, but rather notes only that Custom proceeds at its own peril in this litigation.

Finally, the EEOC also argues that the state court proceeding violates the governing protective order in this case. The parties disagree about the scope of the governing protective order. Unfortunately, neither party attaches transcripts of any of the court dates during which the parameters of the protective order were discussed. In any event, even when considering the EEOC's version of the protective order, the operative language there does not support the type of relief that the EEOC requests. It states, in pertinent part: "Defendant . . . shall not have any contact with an identified class member *regarding the allegations or defenses raised in this case.*" EEOC Reply Br., Ex. B, par. 11

(emphasis added). The plain terms of this provision indicate that Defendants are barred solely from any discussion with identified class members regarding the claims and defenses in this matter. This is not a wholesale prohibition against any and all communications – otherwise, it would operate as a *de facto* injunction prohibiting Custom from pursuing any potential legal action, irrespective of the merit of such action. As noted above, this Court does not have such plenary powers.

### III. CONCLUSION

For the foregoing reasons, the EEOC's Motion for a Protective Order is **DENIED**. The Motion to Compel Defendant Custom Companies to Produce a Witness Pursuant to Rule 30(b)(6) is **DENIED AS MOOT**. **IT IS SO ORDERED.**

                                            _____
                                            Harry D. Leinenweber, Judge
                                            United States District Court

Date: July 20, 2004