Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3768 ~~cons. w/03 C 2293~~ | **DATE** | 7/20/2004 |
| **CASE TITLE** | Equal Employment Opportunity vs. Catherine Copello, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: EEOC's Motion for leave to file amended complaints in cases 02 C 3768 and 03 C 2293 is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 21 2004 | |
| | Notified counsel by telephone. | | date docketed | 117 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 2004 JUL 20 PM 12: 15 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

and

CATHERINE COPELLO and ALLISON
KENNEDY,

    Plaintiffs-Intervenors,

  v.

CUSTOM COMPANIES, INC., CUSTOM
EXECUTIVE GROUP, INC. and
CUSTOM DISTRIBUTION NETWORK,
INC.

    Defendants.

Case No. 02 C 3768

Consolidated for all
Purposes with
Case No. 03 C 2293

Hon. Harry D. Leinenweber

FILED JUL 2 0 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DOCKETED
JUL 21 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is the EEOC's Motion for Leave to File Amended Complaints in Cases 02-C-3768 and 03-C-2293.

### I. BACKGROUND

The EEOC's Motion is based on a case of mistaken identity. The EEOC seeks to add CDN Logistics as a defendant in lieu of the current defendant named Custom Distribution Network. It turns out that Custom Distribution Network was a company that dissolved in year-2000 and apparently never had employees of the sort at issue in this litigation. The EEOC, however, discovered this only recently and claims that it meant to include CDN Logistics, rather than Custom Distribution Network, as a defendant. The difficulty the EEOC faces

is that CDN Logistics was not named in the governing EEOC charges and thus in the normal course would not be a proper defendant. To overcome this, the EEOC provides several arguments. First, it claims that CDN Logistics and Custom Companies are, in effect, the same company, and therefore CDN Logistics can be added under the "single employer" theory. Second, the EEOC argues that it merely mis-identified CDN Logistics as Custom Distribution Network, and, moreover, Defendants were purposefully deceptive about this obvious mistake by hiding behind the fact that both companies share the "CDN" acronym. This portion of the EEOC's argument is not tethered to any authority, although it seems to resonate in the general domain of equitable tolling. Finally, the EEOC invokes the *Eggleston* exception by claiming that CDN Logistics had actual or constructive notice of the EEOC charges and therefore will not prejudiced if added to this litigation.

Defendants, of course, vigorously contest everything that the EEOC claims. They contend that the "single employer" theory does not apply because Custom Companies is an entity that is entirely separate from CDN Logistics. As to EEOC's claim of mistaken identity, Defendants point to the EEOC's own shoddy investigative work and deny having misled the EEOC. Defendants also argue that CDN Logistics had no notice of the EEOC charges, and thus no opportunity for conciliation, and, accordingly, will be prejudiced if added to this litigation.

## II. DISCUSSION

The "single employer theory" allows a plaintiff to add defendants who, although not named in the governing EEOC charge, are nevertheless sufficiently aligned with the named party to fall under the purview of the EEOC charge. This theory is available under the following conditions: (1) where the traditional conditions are present for piercing the corporate veil; (2) where an enterprise has split itself up into a number of corporations for the purpose of shielding itself from the statutory minimum number of employees; or (3) where the parent corporation directed the discriminatory act, practice, or policy instituted by a subsidiary. *See Papa v. Katy Industries*, 166 F.3d 937, 940-941 (7th Cir. 1999). Separate from the single employer theory, a plaintiff may add a previously-unnamed defendant if such party has been provided with adequate notice of the charge and under circumstances where the party has been given the opportunity to participate in conciliation proceedings. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989).

The procedural posture of this case does not require that the Court delve further into the finer details of the governing law. Specifically, discovery is ongoing in this case – in fact, the key directors and officers of the companies at issue have not been deposed. At this point, the EEOC does not shoulder the burden of proving its argument under the single-employer or *Eggleston* theories.

Instead, the EEOC need only provide sufficient facts to fall under either theory. The EEOC has done this. The ultimate issue of whether all Defendants fall under the single employer or *Eggleston* theories is best reserved to the fact-finder. *See Jackowski v. Seoco, Inc. Northern*, 2001 WL 709485 (N.D. Ill. 2001); *Harris v. Stallman Trucking Co.*, 951 F. Supp. 134 (N.D. Ill., 1997). In addition, the issue of whether Custom Companies was deceitful during the conciliation process, to the extent that it presented itself as employing individuals who were in fact employed by CDN Logistics, is best left to the jury. Accordingly, the proper course here, particularly in light of the liberal construal of Title VII pleading requirements, is to allow the EEOC to amend its complaints to include CDN Logistics. *See Hann v. Paul Revere Life Insurance Co.*, 2004 WL 557380 *2 (N.D. Ill. 2004).

### III. CONCLUSION

For the foregoing reasons, the EEOC's Motion is **GRANTED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: July 20, 2004